DETERMINED IN THE

# FOURTH DEPARTMENT

AT

## GENERAL TERM.

### February, 1892.

---

CHARLES E. OGDEN, RESPONDENT, *v.* ELIZABETH ALEX-
ANDER, ELMA PIERSON, JENNIE BRISACK, MARY
ALEXANDER AND MARTHA ALEXANDER, BY JOHN
W. ALEXANDER, THEIR GUARDIAN AD LITEM, APPELLANTS,
AND OTHERS.

*One of two partners, as assignee of the firm claim, may file a lien for work done by the firm.*

When one of two partners, engaged in the execution, as sub-contractors, of work upon a building, purchases the interest of his copartner in the partnership property and assets, agreeing to pay the partnership debts, and thereafter continues the work, he is entitled, under section 1 of chapter 342 of the Laws of 1885, to file a notice of lien against the land upon which the work is done.

APPEAL by the defendant Elizabeth Alexander and others from a judgment in favor of the plaintiff, entered, upon the decision of a referee, in the office of the clerk of the county of Delaware on the 6th day of June, 1891, directing the sale of the interest which Charles Alexander had, on the 20th day of August, 1889, in and to certain premises described in the complaint, which interest, upon the death of Charles Alexander on September 15,.1889, devolved upon the defendants herein, Elizabeth Alexander and others.

August 26, 1888, Charles Alexander was the owner of a lot situated in the village of Walton, and on that day he entered into a written contract with Horace Hill to erect a dwelling-house thereon for the sum of $3,425. Hill commenced performance of his contract

and continued in the performance thereof until August 21, 1889, when he abandoned the same, and shortly thereafter made a general assignment for the benefit of his creditors. When the contract was made Oliver & Ogden, a firm consisting of Robert Oliver, and Charles E. Ogden, the plaintiff, were copartners, doing business as hardware merchants in the village of Walton. In the month of April, 1889, Hill entered into a contract with the firm for a furnace to be put into the said dwelling, and for plumbing required by the terms of the contract between Alexander and him, and a request was made for a slate roof on the house and other work, which was not completed July 29, 1889. On the 29th of July, 1889, the plaintiff purchased the interest of his copartner, Robert Oliver, in the partnership property and assets for the sum of $700, and took possession of all the assets, including the claim against Hill, agreeing to pay the partnership debts of the firm. Plaintiff continued the work and furnished materials down to the 20th of August, 1889, when he filed the lien for the labor and materials in the office of the county clerk of Delaware county. On the 21st of August, 1889, Hill made an assignment for the benefit of his creditors. A subsequent lien was filed by G. V. Selden & Co. On September 15, 1889, Alexander died intestate, leaving him surviving his widow and heirs-at-law, the appellants.

*Samuel H. Fancher*, for the appellants.

*Alexander Neish*, for the respondent.

HARDIN, P. J.:

(1.) Upon the evidence given before the referee he was not able to determine the exact amount which had been paid prior to the filing of the notice of lien by Alexander to Hill, or to others for him, but the referee did find, viz.: " That the amount remaining unpaid at that time was sufficient to pay for the labor and material required to complete the contract, including the sum of $75 toward the mantel, and also to pay the amount unpaid on the plaintiff's claim, August 19, 1889, and stated in finding seventeenth at the sum of $507.45." After a careful consideration of the evidence we are of the opinion that the findings should be sustained.

(2.) We are of the opinion that the plaintiff was authorized to file the lien against the property, notwithstanding what had transpired between him and Oliver.

In section 1 of chapter 342 of the Laws of 1885, it is provided: "Any person or persons, firm or firms, corporation or association, who shall hereafter perform any labor or service, or furnish any materials which have been used or which are to be used in erecting, altering or repairing any house   *   *   *   may, upon filing the notice of lien prescribed in the fourth section of this act, have a lien for the principal and interest of the price and value of such labor." According to the literal language of the section from which we have quoted, the plaintiff was, at all times after the performance of the work and delivery of the materials, entitled to the benefit of the provision of the statute. He has done nothing to forfeit his right to file a lien. But it is contended by the appellants, because he became a purchaser of the interest of Oliver in the assets, that a right to file a lien was not available, and they rely upon the general principle that liens, given by a statute, in general, are "a personal right given to the mechanic, material-man and laborer for his own protection," and they call our attention to *Rollin* v. *Cross* (45 N.Y., 767), where the general rule was asserted. In the course of the opinion in that case, it was intimated that a case in which "the assignment is made for the benefit of the assignor, and to be held as his agent so that the lien may be preserved," is an exception to the general rule; that opinion refers to the opinion of Lord ELLENBOROUGH (*McCombie* v. *Davis*, 7 East, 5), where it was suggested that the general rule did not apply "to the case of one who intending to give a security to another to the extent of his lien, delivers over the actual possession of goods, on which he has the lien, to that other, with notice of his lien, and appoints that other as his servant to keep possession of the goods for him; in which case he might preserve the lien." The same doctrine was approved in *Urquhart* v. *M'Iver* (4 Johns., 111); and in the latter case Judge KENT observes: "A factor may deliver the possession of goods, on which he has a lien, to a third person, with notice of the lien, and with a declaration that the transfer is to such person as agent of the factor, and for his benefit. This is a continuance, in effect, of the factor's possession," etc.

When the plaintiff acquired the interest of his retiring partner,

and added that interest to his own interest in the materials furnished, and in the contract to supply materials and services to Hill, it may be assumed that he did not intend to relinquish any rights which he theretofore possessed or to release the firm's interest in the materials furnished, services rendered, or the contract uncompleted and unperformed, and when he assumed to carry out the contract made by the firm, it is not too much to assume that he became the "agent" or "servant" of the firm.

The statute before us in its twenty-fifth section is declared to be remedial, and it is provided that it "is to be construed liberally to secure the beneficial interests and purposes thereof; and a substantial compliance with its several provisions shall be sufficient for the validity of the lien, or liens hereinbefore provided for, and to give jurisdiction to the courts to enforce the same." We are of the opinion that the plaintiff was entitled to file notice of his lien and to have the same enforced pursuant to the provisions of the statute.

(3.) Other questions are presented by the learned counsel for the appellants, but we think they are satisfactorily disposed of for the reasons stated in the opinion of the learned referee.

The judgment must be affirmed, with costs.

MARTIN, and MERWIN, JJ., concurred.

Judgment affirmed, with costs.